IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00672-REB-BNB

PENNY M. HAGERMAN, and
ALLEN HAGERMAN,

Plaintiffs,

v.

ELI LILLY AND COMPANY,
VALEANT PHARMACEUTICALS INTERNATIONAL,
AMARIN CORPORATION, plc,
AMARIN PHARMACEUTICALS, INC.,
ELAN PHARMACEUTICALS, INC., and
ATHENA NEUROSCIENCES, INC.,

Defendants.
_____

**ORDER**
_____

At the request of the parties, I conducted a status conference in this case this morning. The parties have been unable to resolve disagreements concerning the scheduling of depositions. I am disappointed that members of the bar of this court are unable to resolve such fundamental issues on their own.

Consistent with matters discussed during the status conference:

On or before **August 21, 2009**, the parties shall submit a deposition schedule specifying every deposition to be taken, the date of the deposition, its duration expressed in hours, and the time and place of the deposition.  I will make the parties' deposition schedule an order of the court, and it may be modified only on order of the court.  In the event more than one party seeks to depose the same witness and the questioning of all parties will require more than seven hours

to complete, the deposition shall be scheduled on consecutive days so as to minimize inconvenience to the witness. The parties' dispute about who will question a witness first is silly, particularly in view of the requirement that the questioning of a single witness by multiple parties proceed on consecutive days, and I direct the parties to resolve that dispute among themselves. In the event the parties cannot reach agreement on a proposed deposition schedule, I will enter one in my discretion.

The parties shall comply with Rule 26(a)(2), Fed. R. Civ. P., and <u>Washington v. Arapahoe County Dept. of Social Services</u>, 197 F.R.D. 439 (D. Colo. 2000), in connection with the designation of expert witnesses and the disclosure of written reports.

A review of the recording of the scheduling conference on July 14, 2009, discloses that the Scheduling Order incorrectly limits the depositions of "Corporate Representative Witnesses" to four hours. *Scheduling Order* [Doc. # 34] at p.15. To the contrary, I established a deposition limit for all depositions of not more than seven hours, absent leave of court. The Scheduling Order is modified to reflect that all depositions are limited in time to not more than seven hours, absent leave of court.

SO ORDERED.

Dated August 14, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge