IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00672-REB-BNB

PENNY M. HAGERMAN, and
ALLEN HAGERMAN,

Plaintiffs,

v.

ELI LILLY AND COMPANY,
VALEANT PHARMACEUTICALS INTERNATIONAL,
AMARIN CORPORATION, plc,
AMARIN PHARMACEUTICALS, INC.,
ELAN PHARMACEUTICALS, INC., and
ATHENA NEUROSCIENCES, INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Stipulated Motion for Enlargement of Pretrial Deadlines** [Doc. # 57, filed 11/12/2009] (the "Motion for Enlargement"); and

(2) **Valeant Pharmaceuticals International's Motion to Stay Certain Discovery** [Doc. # 60, filed 11/17/2009] (the "Motion to Stay 30(b)(6) Depositions").

The Motion for Enlargement seeks a 90 day enlargement of most pretrial deadlines. As grounds, the parties state:

> The parties believe that it will be expeditious to conduct the pending depositions pursuant to Fed. R. Civ. P. 30(b)(6) prior to the designation of experts pursuant to Fed. R. Civ. P. 26(a)(2). Conducting discovery in this order will allow the designated experts to consider the deposition testimony as needed to prepare their reports. Completing the Fed. R. Civ. P. 30(b)(6) depositions

> prior to expert designations will limit the need for extensive supplementation, thus, expediting and streamlining the discovery process in this matter.
>
> Plaintiffs noticed several depositions pursuant to Fed. R. Civ. P. 30(b)(6) and the parties are in the process of defining the scope of those depositions and designating representatives to testify on behalf of the respective organizations. The parties believe that defining the scope of the 30(b)(6) depositions and coordinating schedules of the parties and deponents will certainly be resolved within the extension of time requested herein.

Motion for Enlargement at ¶¶2-3.

Inconsistent with the Motion for Enlargement is the Motion to Stay 30(b)(6) Depositions, which seeks an indefinite stay of deposition of Valeant Pharmaceuticals ("Valeant") because:

> Despite Valeant's pending Motion to Dismiss, Plaintiff Penny Hagerman's prescription records, and Dr. Cheng's deposition testimony, all of which indicate that Valeant (a) did not distribute any Permax to Plaintiff; and (b) cannot be the legal cause of Plaintiff's alleged injuries, Plaintiffs served three (3) very broad Notices of 30(b)(6) Depositions on Valeant.

Motion to Stay 30(b)(6) Depositions at ¶4. Valeant alleges that the plaintiffs have noticed three "very broad" Rule 30(b)(6) depositions of Valeant; and that the notices identify 12, 11, and 21 topics for examination and call for the production of 17, 5, and 3 separate categories of documents, respectively. Id. at ¶¶5-7. Valeant argues that a stay is proper because Valeant is likely to prevail in this case; allowing the Rule 30(b)(6) depositions will substantially burden Valeant; and the public interest will be served by the stay because the complaint lacks merit. Id. at ¶¶11-13.

I will grant the Motion for Extension because it is unopposed and because the district judge has vacated and reset the trial to allow such an enlargement. Consequently, the case schedule is modified to the following extent:

        Discovery Cut-Off:        May 17, 2010

        (All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)

        Dispositive Motions Deadline:        May 17, 2010

        Expert Disclosures:

        (a)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2010

        (b)    The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 8, 2010

Final Pretrial Conference: The final pretrial conference set for March 30, 2010, at 8:30 a.m., is VACATED and RESET to **July 15, 2010, at 9:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than July 8, 2010.

The request for an indefinite stay of Valeant's Rule 30(b)(6) deposition, apparently until a ruling on its motion to dismiss, or perhaps a ruling on an as-yet unfiled motion for summary judgment, is denied.

The Federal Rules of Civil Procedure do not provide for a stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing fo the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC. v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006) (same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

Perhaps the Rule 30(b)(6) depositions noticed by the plaintiffs of Valeant are overbroad, unduly burdensome, or otherwise abusive, and I will consider that on an appropriate motion. The plaintiffs are entitled to take reasonable discovery against Valeant, however, and the pendency of a dispositive motion (or the likelihood that one will be filed in the future) is no reason to stop discovery indefinitely.

The average time from the filing of a dispositive motion to its determination in this district exceeds six months. Consequently, staying legitimate discovery while Valeant's motion to dismiss (or unfiled motion for summary judgment) is pending could substantially delay the

4

ultimate resolution of the matter with injurious consequences.  In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the judicial system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, dispositive motions are denied more often than they result in the termination of a case.  Consequently, without attempting to prejudge the district judge's ruling on Valeant's motion(s), it is more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary.

Parties always are burdened by discovery and the other requirements for the preparation of a case.  That is a consequence of our judicial system and the rules of civil procedure.  Any special burden here because the plaintiffs' Rule 30(b)(6) notices to Valeant are unreasonable can be addressed in a motion for protective order.  A general stay of a Rule 30(b)(6) deposition is not appropriate.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss.  See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 \*\*4-5 (D. Colo. Aug. 14, 2006).

The general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion for Enlargement [Doc. # 57] is GRANTED as specified.

IT IS FURTHER ORDERED that the Motion to Stay 30(b)(6) Depositions [Doc. # 60] is DENIED.

Dated November 20, 2009.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge